JOHN L. BURRIS, Esq.  SBN 69888
DeWITT M. LACY, Esq. SBN 258789
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA BIOCINI, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO; RAFAEL JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO; MARIA CLAUDIA JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, DIEGO JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, PATRICIA JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, FELIPE JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, JUAN CARLOS JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO; and THE ESTATE OF HERNAN JARAMILLO<br><br>                              Plaintiffs,<br><br>     vs.<br><br>CITY OF OAKLAND, a municipal corporation; CARLOS NAVARRO, individually and in his capacity as an officer for the CITY OF OAKLAND Police Department; IRA ANDERSON, individually and in his capacity as an officer for the CITY OF OAKLAND Police Department; STEVEN STOUT, individually and | CASE NO.: 3:14-cv-03315-TEH<br><br>FISRT AMNEDED COMPLAINT FOR WRONGFUL DEATH AND VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>**JURY TRIAL DEMANDED** |

FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND DAMAGES - 1

in his capacity as an officer for the CITY OF OAKLAND Police Department; and DOES 1-25, inclusive, individually and in their official capacity as police officers for the CITY OF OAKLAND, jointly and severally,

Defendants.

## INTRODUCTION

1. This case arises out of the unlawful detention, arrest, assault and wrongful death of HERNAN JARAMILLO at the hands of Defendant Oakland Police Department Officers NAVARRO, STOUT, ANDERSON, and DOES 1-25.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Oakland, California which is within this judicial district.

## PARTIES

3. Plaintiff herein, ANA BIOCINI, is, and at all times herein mentioned was a legal permanent resident of the United States. Plaintiff is the surviving sister of Decedent, HERNAN JARAMILLO.

4. Plaintiff herein, RAFAEL JARAMILLO, is, and at all times herein mentioned was a citizen of Colombia. Plaintiff is the surviving brother of Decedent HERNAN JARAMILLO.

5. Plaintiff herein, MARIA CLAUDIA JARAMILLO, is, and at all times herein mentioned was a citizen of Colombia. Plaintiff is the surviving niece of Decedent HERNAN JARAMILLO.

6. Plaintiff herein, DIEGO JARAMILLO, is, and at all times herein mentioned was a citizen of Colombia. Plaintiff is the surviving brother of Decedent HERNAN JARAMILLO.

7. Plaintiff herein, PATRICIA JARAMILLO, is, and at all times herein mentioned was a citizen of Colombia. Plaintiff is the surviving sister of Decedent HERNAN JARAMILLO.

8. Plaintiff herein, FELIPE JARAMILLO, is, and at all times herein mentioned was a citizen of Colombia. Plaintiff is the surviving brother of Decedent HERNAN JARAMILLO.

9. Plaintiff herein, JUAN CARLOS JARAMILLO, is, and at all times herein mentioned was a citizen of the United States. Plaintiff is the surviving brother of Decedent HERNAN JARAMILLO.

10. THE ESTATE of HERNAN JARAMILLO is represented by and through, ANA BIOCINI, the Decedent's sister and personal representative of the ESTATE of HERNAN JARAMILLO.

11. Defendant CITY OF OAKLAND is, and at all times mentioned herein, a municipal entity, duly organized and existing under the laws of the State of California.

12. Defendant CARLOS NAVARRO is, and at all times mentioned herein, was an officer for the CITY OF OAKLAND, and is sued individually and in his official capacity.

13. Defendant IRA ANDERSON is, and at all times mentioned herein, was an officer for the CITY OF OAKLAND, and is sued individually and in his official capacity.

14. Defendant STEVEN STOUT is, and at all times mentioned herein, was an officer for the CITY OF OAKLAND, and is sued individually and in his official capacity.

15. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment for Defendant CITY OF OAKLAND. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

16. Plaintiffs are required to comply with an administrative tort claim requirement under California law. Plaintiffs have complied with all such requirements.

## STATEMENT OF FACTS

17. The incident took place on July 8, 2013 at approximately 1:30 a.m. at 2365 E. 21st Street in Oakland, CA, at the home of the Decedent HERNAN JARAMILLO ("JARMAMILLO"), and his sister, ANA BIOCINI ("BIOCINI"). Shortly before the time of the incident, Mr. JARAMILLO was in his bedroom making a great deal of noise for reasons unknown. The Decedent's sister, BIOCINI, heard the disturbance and was frightened. Ms. BIOCINI believed that her brother was being assaulted by an intruder, and called the police for assistance.

18. Ms. BIOCINI locked herself in her bedroom. When the Defendant officers NAVARRO and ANDERSON arrived, Ms. BIOCINI remained locked in her bedroom out of fear she would be attacked by the perceived intruder. Ms. BIOCINI handed the Defendant officers the keys to her home through her bedroom window. Thereafter NAVARRO and ANDERSON proceeded to enter Ms. BIOCINI'S home and knocked on Ms. BIOCINI'S locked bedroom door. Ms. BIOCINI opened her bedroom door and explained that she heard the noise coming from her brother, JARAMILLO'S, adjacent bedroom.

19. The Defendant officers then proceeded to Mr. JARAMILLO's bedroom and knocked on the door. Slowly, as if confused as to who was knocking, Mr. JARAMILLO opened the door for the Defendant officers. The Defendant officers immediately grabbed Mr. JARAMILLO. Ms. BIOCINI identified Mr. JARAMILLO as her brother and a resident of the home. Nevertheless, and without any lawful reason or justification, Defendant NAVARRO continued in handcuffing Mr. JARAMILLO, and forcing him out of his home. All the while, Ms. BIOCINI implored the Defendant officers to stop, insisting that her brother was not the perceived intruder.

20. Outside of the home, neighbors had gathered because of the commotion. Mr. JARAMILLO's rear neighbor also identified JARAMILLO as a resident of the home and implored the Defendant officers to stop. The Defendant officers NAVARRO and ANDERSON forcefully attempted to put Mr. JARAMILLO in a patrol car. The defendant officers offered no justification for Mr. JARAMILLO's arrest. Consequently, Mr. JARAMILLO struggled and was thrown on the ground by NAVARRO and ANDERSON. Mr. JARAMILLO was dragged approximately 20 feet on his back to the sidewalk. Inexplicably, the Defendant officers NAVARRO and ANDERSON threw Mr. JARAMILLO face down on to the ground. Defendant STOUT pressed his knee into Mr.

JARAMILLO's back while other officers used their weight to hold him down.  Mr. JARAMILLO screamed out for help and strained to breathe under the collective weight of the three Defendant officers.  He pleaded with the officers that if they did not let him breathe he would "die".  Mr. JARAMILLO then attempted to call out to Ms. BIOCINI to save him. Suddenly, Mr. JARAMILLO became unresponsive.

21. The Defendant officers flipped Mr. JARAMILLO over.  Mr. JARAMILLO was visibly limp, and seemingly lifeless.  Mr. JARAMILLO was covered in blood and his head dropped back loudly striking the pavement.

22. After approximately 15 minutes had lapsed, police began to perform CPR on Mr. JARAMILLO. An ambulance was called.  The medical response team attempted to defibrillate Mr. JARAMILLO. Mr. JARAMILLO was taken to Highland Hospital where he was pronounced dead. Mr. JARAMILLO leaves behind a large family including his seven siblings and his young niece.

23. Fortunately, there are eye-witnesses to this incident.  For example, several neighbors who knew Mr. JARAMILLO were looking on as his life was taken from him during the Defendant officers' onslaught of horrendous abuse of police power. Sadly, Ms. BIOCINI also looked on as the Defendant officers beat and abused her brother. In addition, a neighbor's cell phone recorded the incident on video.

24. Plaintiffs are informed and believe and thereon allege that CITY OF OAKLAND and DOES 1-25, inclusive, breached their duty of care to the public in that they have failed to discipline the involved Defendant officers, and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein.  Their failure to discipline Defendants and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of racial profiling, the use of excessive and/or deadly force and the fabrication of official reports to cover up Defendants' and DOES 1-25's inclusive, misconduct.

25. Plaintiffs are informed and believe and thereon allege that members of the OAKLAND POLICE DEPARTMENT ("OPD"), including, but not limited to, Defendants and/or DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a

repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to decedent, HERNAN JARAMILLO.

26. Plaintiffs are further informed, believe and thereon allege that as a matter of official policy -- rooted in an entrenched posture of deliberate indifference to the constitutional rights of primarily the minority citizens who live in the CITY OF OAKLAND-- Defendant CITY OF OAKLAND has long allowed its citizens, such as decedent HERNAN JARAMILLO to be abused by its police officers, including DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

27. Plaintiffs are informed, believe and thereon allege that CITY OF OAKLAND POLICE DEPARTMENT has a history of using excessive force to carry out corrupt schemes and motives. The CITY OF OAKLAND's failure to discipline or retrain any of the involved police officers is evidence of an official policy, entrenched culture and posture of deliberate indifference toward protecting citizen's rights and the resulting false arrests and injuries is a proximate result of the CITY OF OAKLAND's failure to properly supervise its police officers.

28. Plaintiffs are informed, believe and thereon allege that CITY OF OAKLAND knew, had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

## DAMAGES

29. As a consequence of Defendants' violation of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiffs ANA BIOCINI, RAFAEL JARAMILLO, MARIA CLAUDIA JARAMILLO, DIEGO JARAMILLO, PATRICIA JARAMILLO, FELIPE JARAMILLO, and JUAN CARLOS JARAMILLO were mentally and emotionally injured and damaged as a proximate result of decedent's wrongful death, including but not limited to: Plaintiffs' loss of familial relations, decedent's society, comfort, protection, companionship, love, affection, solace, and moral support.

30. Plaintiff, ESTATE OF HERNAN JARAMILLO, by and through, ANA BIOCINI, the personal representative of HERNAN JARAMILLO's Estate, are entitled to recover wrongful death

damages pursuant to C.C.P. §§ 377.60 and 377.61 and Probate Code §6402(b).  Additionally, Plaintiffs are entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

31. Plaintiff, ESTATE OF HERNAN JARAMILLO, is entitled to recover damages by and through ANA BIOCINI, the personal representative of decedent's estate pursuant to his right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

32. Plaintiffs found it necessary to engage the services of private counsel to vindicate the rights of decedent and Plaintiffs' rights under the law.  Plaintiffs  are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

**FIRST CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

**(ESTATE of HERNAN JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)**

33. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 32 of this Complaint.

34. Defendants' above-described conduct, wherein it is alleged that officers detained decedent without reasonable suspicion, violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (detention).

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**Violation of Fourth Amendment of the United States Constitution**

**(42 U.S.C. §1983)**

**(ESTATE of HERNAN JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)**

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 of this Complaint.

36. Defendants' above-described conduct, wherein it is alleged that police officers arrested decedent without probable cause violating his rights as provided for under the Fourth Amendment to the United States Constitution to be free from unlawful seizure (arrest).

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### Violation of Fourth Amendment of the United States Constitution

### (42 U.S.C. §1983)

### (ESTATE of HERNAN JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)

37. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 of this Complaint.

38. Defendants' above-described conduct violated decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Conspiracy to Violate Decedent's Civil Rights)

### (42 U.S.C. §1985)

### (ESTATE of HERNAN JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)

39. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 38 of this Complaint.

40. In doing the acts complained of herein, Defendants acted in concert and conspired to violate decedent's federal civil rights to be free from unreasonable seizures and excessive and/or arbitrary force.

41. Defendants had knowledge of the wrongs conspired to be done and committed and had the power to prevent or aid in preventing the commission of the same. None of the Defendants attempted to prevent and/or stop the violation of the decedent's civil rights.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Wrongful Death)
### (42 U.S.C. §1983)
**(ESTATE of HERNAN JARAMILLO, ANA BIOCINI, RAFAEL JARAMILLO, MARIA CLAUDIA JARAMILLO, DIEGO JARAMILLO, PATRICIA JARAMILLO, FELIPE JARAMILLO, and JUAN CARLOS JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)**

42. Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 41 of this Complaint.

43. Defendants acted under color of law by killing decedent without lawful justification and subjecting decedent to excessive force thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

   b. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Violations of Plaintiffs' Civil Rights to Familial Relationship)
### (42 U.S.C. § 1983)
**(ESTATE of HERNAN JARAMILLO, ANA BIOCINI, RAFAEL JARAMILLO, MARIA CLAUDIA JARAMILLO, DIEGO JARAMILLO, PATRICIA JARAMILLO, FELIPE**

JARAMILLO, and JUAN CARLOS JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)

44. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 43 of this Complaint as though fully set forth;

45. Defendants, acting under color of state law, and without due process of law, deprived Plaintiffs of their right to a familial relationship by seizing decedent by use of unreasonable, unjustified and deadly force and violence, causing injuries which resulted in decedent's death, all without provocation and did attempt to conceal their excessive use of force and hide the true cause of decedent's demise to deprive Plaintiffs of their right to seek redress, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

**(Monell)**

**(42 U.S.C. §1983)**

**(ALL PLAINTIFFS v. CITY OF OAKLAND and DOES 1-25, inclusive)**

46. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 45 of this Complaint.

47. As against Defendants CITY OF OAKLAND and/or DOES 1-25 and/or each of them, individually and/or in their capacities as official policy-maker(s) for CITY OF OAKLAND, including the ALAMEDA COUNTY District Attorney's Office Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant CITY OF OAKLAND tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiffs.

48. Plaintiffs are informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by

Defendants CITY OF OAKLAND, DOES 1-25 and/or each of them, to the repeated violations of the constitutional rights of citizens by OPD officers, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy and/or early warning system.

49. Plaintiffs are further informed and believe and thereon allege that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants CITY OF OAKLAND, DOES 1-25 and/or each of them, to the repeated violations of the constitutional rights of citizens by OPD officers, which have included, but are not limited to, using excessive and/or deadly force on a repeated basis.

50. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

51. The aforementioned deliberate indifference, customs, policies or practices of Defendants CITY OF OAKLAND, DOES 1-25, and/or each of them, resulted in the deprivation of the constitutional rights of the decedent and Plaintiffs, including, but not limited to, the following:

    a. the right to be free from unreasonable searches and/or seizures; and/or,
    b. the right to equal protection of the law,
    c. the right to familial relationships,
    d. the right to enjoy civil and statutory rights,
    e. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

52. As a result of the violation of their constitutional rights by Defendants CITY OF OAKLAND, and/or DOES 1-25 and/or each of them, Plaintiffs sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### (Survival action: Violation of decedent's civil rights)
### (42 U.S.C. §1983)
### (ESTATE of HERNAN JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)

53. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 52 of this Complaint.

54. HERNAN JARAMILLO was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

55. HERNAN JARAMILLO did not file a legal action before his death;

56. Plaintiff, ANA BIOCINI, personal representative of the ESTATE OF HERNAN JARAMILLO claims damages for the conscious pain and suffering incurred by HERNAN JARAMILLO, as provided for under 42 U.S.C. §1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
### (Wrongful Death - Negligence)
### (C.C.P. §377.60 and 377.61)
### (ESTATE of HERNAN JARAMILLO, ANA BIOCINI, RAFAEL JARAMILLO, MARIA CLAUDIA JARAMILLO, DIEGO JARAMILLO, PATRICIA JARAMILLO, FELIPE JARAMILLO, and JUAN CARLOS JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)

57. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 56 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

58. Defendants and DOES 1-50 inclusive, by and through their respective agents and employees, proximately caused the death of decedent HERNAN JARAMILLO, on July 8, 2013 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

59. As an actual and proximate result of said Defendants' negligence, and the death of decedent, Plaintiff ANA BIOCINI, has sustained pecuniary loss resulting from the loss of comfort, society, attention, services, and support of decedent, in an amount according to proof at trial.

60. As a further actual and proximate result of said Defendants' negligence, Plaintiffs incurred funeral and burial expenses, in an amount according to proof at trial.

61. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiffs have brought this action, and claims damages from said Defendants for the wrongful death of decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### TENTH CAUSE OF ACTION
### (Violation of Decedent's Right To Enjoy Civil Rights)
### (Violation of CALIFORNIA CIVIL CODE §52.1)
### (ESTATE of HERNAN JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)

62. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 61 of this Complaint.

63. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION

### (Violation of Decedent's State Statutory Rights)

### (Violation of CALIFORNIA CIVIL CODE §51.7)

### (ESTATE of HERNAN JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)

63. Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 62 of this Complaint.

64. Plaintiffs are informed and believe and thereon allege that the conduct of Defendants was motivated by prejudice against HERNAN JARAMILLO. Decedent was readily recognizable as Latino. In engaging in such conduct, Defendants violated decedent's rights under California Civil Code §51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

65. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §51.7, reasonable attorney's fees and an additional $25,000.00.

66. As a proximate result of Defendants wrongful conduct, decedent suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## TWELTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (ESTATE of HERNAN JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)

67. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 66 of this Complaint.

68. Defendants' above-described conduct was extreme, unreasonable and outrageous.

69. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that decedent would suffer extreme emotional distress as a result of Defendants' conduct.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRTEENTH CAUSE OF ACTION

### (Assault And Battery)

### (ESTATE of HERNAN JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)

70.  Plaintiffs re-allege and incorporate by reference paragraphs 1 through 69 of this complaint.

71.  Defendants' above-described conduct constituted assault and battery.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTEENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (ESTATE of HERNAN JARAMILLO v. CARLOS NAVARRO, IRA ANDERSON, STEVEN STOUT, and DOES 1-25, inclusive)

72. Plaintiffs re-allege and incorporate be reference herein paragraphs 1 through 71 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

## JURY DEMAND

73.  Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

FIRST AMENDED COMPLAINT FOR WRONGFUL DEATH AND DAMAGES - 15

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants DOES 1 through 25 and/or each of them;

5. For violation of California Civil Code Sections 52.1, statutory damages, and reasonable attorney's fees;

6. For violation of California Civil Code Section 52(b), punitive damages against Defendant agents and/or officers, $25,000.00 for each offense and reasonable attorney's fees;

7. For statutory damages, according to proof;

8. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

9. For cost of suit herein incurred; and

10. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

**Dated: June 1, 2015**

*DeWitt M. Lacy*
DeWITT M. LACY, Esq.
Attorney for Plaintiffs
ANA BIOCINI, et al