UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANA BIOCINI, et al.,

               Plaintiffs,

      v.

CITY OF OAKLAND, et al.,

               Defendants.

Case No. 14-cv-03315-TEH

**ORDER RE JANUARY 11, 2016 HEARING**

Counsel shall come prepared to address the following questions at the January 11, 2016 hearing on Defendants' motion for partial summary judgment:

**For Plaintiffs**

1. Please respond to the Defendant officers' argument that probable cause emerged to arrest Mr. Jaramillo for impeding their investigation of Ms. Biocini's 911 call, pursuant to Cal. Penal Code § 148(a)(1). *See* Mot. at 16.

2. For the 42 U.S.C. § 1985 and Cal. Civ. Code § 51.7 ("Ralph Act") causes of action, is there any evidence of racial animus in the record other than the fact that the Defendant officers were informed they needed to respond to the scene with a Spanish-speaking officer? If so, please summarize this evidence, with citations to the record.

3. For the *Monell* cause of action, is there any evidence in the record – other than the circumstances surrounding Mr. Jaramillo's tragic death – to support your claim that the City of Oakland provided inadequate training on how to appropriately utilize force, how to respond to the public's calls for help, or on basic asphyxia training? If so, please summarize this evidence, with citations to the record.

4. Since you sought leave to add Ms. Biocini as the proper plaintiff on only the Negligent Infliction of Emotional Distress ("NIED") claim (fourteenth cause of action), is the Court to understand that that you concede to summary judgment on the Intentional Infliction of Emotional Distress ("IIED") claim (twelfth cause of action) entirely?

United States District Court
Northern District of California

5.      Please respond to Defendants' argument that Ms. Biocini's NIED claim is time-barred by either: (i) explaining why the claim is not time-barred; or (ii) explaining why the claim relates back to the original complaint despite Defendants' arguments to the contrary.  *See* Reply at 7.

### For Defendants

6.      Can you cite any authority that specifically forecloses Plaintiffs' argument that Defendant officers' failure to place Mr. Jaramillo on his side while awaiting the paramedics was an objectively unreasonable failure to render medical aid?  *See* Opp'n at 13-14.

7.      If the Court grants Plaintiffs leave to add a "failure-to-render-medical-aid" claim, how many additional depositions would you need to take and what other discovery do you anticipate would be necessary?  How long do you estimate that this additional discovery would delay the trial date?

8.      Assuming that the Court grants Plaintiffs leave to add an NIED claim by Ms. Biocini, do you concede that such a claim would survive summary judgment on the basis of the facts in the record?  If not, please argue why there is insufficient evidence in the record to support such a claim at this stage in the proceedings.

**IT IS SO ORDERED.**

Dated:   01/07/16

_____
THELTON E. HENDERSON
United States District Judge