JOHN L. BURRIS, Esq.  SBN 69888
DeWITT M. LACY, Esq. SBN 258789
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA BIOCINI, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO; RAFAEL JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO; MARIA CLAUDIA JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, DIEGO JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, PATRICIA JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, FELIPE JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, JUAN CARLOS JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO; and THE ESTATE OF HERNAN JARAMILLO,<br><br>  Plaintiffs,<br><br>    vs.<br><br>CITY OF OAKLAND, a municipal corporation; CARLOS NAVARRO, individually and in his capacity as an officer for the CITY OF OAKLAND Police Department; IRA | Case No.: 3:14-cv-03315-TEH<br><br>**PLAINTIFFS' NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE A SETTLEMENT AGREEMENT**<br><br>Date:  March 21, 2016<br>Time: 2:00 p.m.<br>Location: 12, 19th Floor<br>Judge: Hon. Thelton E. Henderson |

Plaintiffs' Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH

1

1  ANDERSON, individually and in his capacity as an officer for the CITY OF OAKLAND Police Department; STEVEN STOUT, individually and in his capacity as an officer for the CITY OF OAKLAND Police Department; and DOES 1-25, inclusive, individually and in their official capacity as police officers for the CITY OF OAKLAND, jointly and severally,

Defendants.

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 21, 2016, at 2:00 p.m. or as soon thereafter as the matter can be heard, in the courtroom of the Thelton E. Henderson, situated at 450 Golden Gate Avenue, San Francisco, California 95113, Plaintiffs, ANA BIOCINI, FELIPE JARAMILLO, and PATRICIA JARAMILLO (hereinafter and collectively "Plaintiffs"), will make a motion to the Court requesting an Order Setting Aside an Agreement to Settle.

This motion is made pursuant to California Civil Code § 664.6 and is predicated on the grounds that setting aside the settlement is necessary because there was not a complete assent to the material terms of the agreement by all Plaintiffs and setting aside the settlement will not prejudice the defendants.

This motion is further based upon this Notice; the attached Memorandum of Points and Authorities; the attached Declaration of DeWitt M. Lacy; upon the records and files in this action; and upon such further evidence and argument as may be presented prior to or at the time of hearing on the motion.

Dated:  February 24, 2016

THE LAW OFFICES OF JOHN L. BURRIS

___/s/ DeWitt M. Lacy_____
DeWitt Lacy
Attorneys for Plaintiff

2

Plaintiffs' Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH

## INTRODUCTION

Plaintiffs, ANA BIOCINI, FELIPE JARAMILLO, PATRICIA JARAMILLO, RAFAEL JARAMILLO, DIEGO JARAMILLO, MARIA CLAUDIA JARAMILLO, and JUAN CARLOS JARAMILLO filed this federal action against Defendants CITY OF OAKLAND, IRA ANDERSON, CARLOS NAVARRO, STEVEN STOUT, and DOES 1 through 25 for violations of Fourth Amendment protections against unreasonable searches and seizures, pursuant to Title 42 U.S.C. §§ 1983 and 1988, for damages pursuant to Title 42 U.S.C §§1983 and 1988, and the Fourth Amendment to the United States Constitution, under California Code of Civil Procedure §§377.60 and 377.61, under California Civil Code §§52.1 and 51.7, and under the common law of California.

The parties participated in multiple Settlement Conferences with Magistrate Judge Laurel Beeler on April 15, 2015 and January 8, 2016, respectively.  After the January 8, 2016 Settlement Conference, the parties entered into a settlement agreement, by and through their respective counsel. Subsequently, Plaintiffs ANA BIOCINI, FELIPE JARAMILLO, and PATRICIA JARAMILLO informed their counsel, John L. Burris and DeWitt M. Lacy, that they had not assented to the material terms of the January 8, 2016 Settlement Conference.  Plaintiffs are now moving to set aside the settlement agreement pursuant to California Civil Code § 664.6.

## STATEMENT OF RELEVANT FACTS

This case arises out of the tragic unlawful detention, arrest, assault and wrongful death of Decedent Hernan Jaramillo at the hands of Defendant CITY OF OAKLAND Police Officers CARLOS NAVARRO, IRA ANDERSON, and STEVEN STOUT. On July 9, 2013.  Plaintiffs filed this action on July 22, 2014 against Defendants.

The parties agreed to participate in the Court's ADR program after conducting a significant amount of discovery in this matter.  Magistrate Judge Laurel Beeler was assigned as the ADR magistrate for the purposes of settlement.  The parties participated in a Settlement Conference before Judge Beeler on April 15, 2015.  BIOCINI appeared in person and FELIPE JARAMILLO, PATRICIA JARAMILLO, MARIA CLAUDIA JARAMILLO, RAFAEL JARAMILLO, and DIEGO

3

Plaintiffs' Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH

JARAMILLO participated via Skype.[1]  However, the parties were not able to agree on any terms of settlement and it was determined that discovery was necessary before settlement discussions could resume.

Thereafter, the pleadings were amended to include the specific names of defendant officers, CARLOS NAVARRO, IRA ANDERSON, and STEVEN STOUT.  The parties also conducted a substantial amount of discovery including depositions of all Plaintiffs, depositions of all named defendants, depositions of five (5) witnesses.  Written discovery was propounded that called for the production of over one thousand six-hundred (1600) pages of responsive documents, over sixteen (16) hours of audio files, and over two (2) hours of video files.  In addition, Plaintiffs' disclosed two (2) expert reports requiring the examination of over one thousand (1000) additional pages of discovery.

After preparing for trial and answering motions, Plaintiffs returned to Judge Beeler to participate in another Settlement Conference on January 8, 2016.  Again, BIOCINI appeared with Plaintiffs' counsel, John L. Burris and DeWitt M. Lacy at the Settlement Conference.  FELIPE JARAMILLO, PATRICIA JARAMILLO, RAFAEL JARAMILLO, MARIA CLAUDIA, and DIEGO JARAMILLO appeared via Skype.  All Plaintiffs had the ability to hear and see each other during the Settlement Conference.  Judge Beeler and Plaintiffs' counsel spoke with Plaintiffs in Judge Beeler's chambers, through the assistance of a Spanish translator from Mr. Burris's office, Johana Estrada.  Neither Mr. Burris or Mr. Lacy are fluent in Spanish.  Mr. Lacy explained the offer of settlement which had been made by Defendants.  He also explained the specific implications of accepting the offer of settlement, including the finality of the agreement.  After much discussion, PATRICIA JARAMILLO, FELIPE JARAMILLO, and MARIA CLAUDIA JARAMILLO communicated to Mr. Burris and Mr. Lacy their satisfaction with the terms of settlement, but noted they wanted to hear what their brothers in Bogota had to say about the settlement.  Initially, RAFAEL JARAMILLO was very much opposed to the settlement but communicated to Mr. Burris and Mr.

---

[1] Skype is an application that provides video and voice call services.  Plaintiffs requested that they be allowed to participate in the Settlement Conference via Skype because Patricia, Felipe, and Maria Claudia reside in Cali, Colombia and requiring their physical presence at the Settlement Conference would present a substantial hardship for Plaintiffs.

4

Plaintiffs' Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH

Lacy, that though he was displeased with the amount of the settlement, he would acquiesce to the will of the majority.[2] Very soon after RAFAEL JARAMILLO finished speaking, the internet connection in Judge Beeler's chambers suddenly failed, and the parties were not able to re-establish communication with RAFAEL, DIEGO, PATRICIA, FELIPE, and MARIA CLAUDIA JARAMILLO. BIOCINI also agreed to the terms of the settlement and voiced her assent.

Thereafter, counsel for the defense, Plaintiffs' counsel, and BIOCINI attempted to state an oral agreement on the record in Judge Beeler's courtroom. In the courtroom, Judge Beeler described the material terms of the settlement. The terms of the settlement included a payment of $450,000.00 from the Defendants to Plaintiffs. The payment was to be made in return for the dismissal of Plaintiff's entire case with prejudice with a mutual waiver of costs. Judge Beeler then asked Mr. Lacy if he had communicated the terms of the settlement to the Plaintiffs. Mr. Lacy informed the Court that he had. Judge Beeler then asked if the Plaintiffs who were not present in the courtroom had agreed to the terms of settlement. Mr. Lacy said, "Yes." Then, Judge Beeler asked BIOCINI if she agreed to the terms of settlement. BIOCINI said "Yes." Unbeknownst to all persons present, the courtroom's microphones were not recording the oral agreement. On January 11, 2016, Judge Beeler contacted both counsel via teleconference explaining the technical error and requesting the parties make an oral record of the agreement via teleconference. Counsel for the parties agreed and Judge Beeler, Mr. David Pereda, counsel for the Defendants, and Mr. Lacy did in fact make an audio record of the agreement on January 11, 2016.

On January 27, 2016, BIOCINI called Mr. Lacy at his office and informed him of a potential problem with the settlement. BIOCINI informed Mr. Lacy that her brother and sister, FELIPE and PATRICIA, in Colombia had not made a final decision with regards to final the settlement. Mr. Lacy thereafter emailed all the family members individually regarding the settlement. Subsequently, Mr. Lacy has received several email communications from all the Plaintiffs in regards to the settlement. All the Plaintiffs have also spoken with Mr. Lacy over the phone or via Skype regarding settlement.

---

Rafael and Diego Jaramillo reside in Bogota, Colombia. Judge Beeler permitted participation of Plaintiffs via Skype and the Defendants did not object to Plaintiffs' request.
[2] Rafael voiced his satisfaction with the settlement and Juan Carlos appeared by proxy through Patricia Jaramillo, agreeing to make his decision consistent with the majority of the family.

5

Plaintiffs' Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH

The present summation of these communications is as follows: RAFAEL, DIEGO, MARIA CLAUDIA, and JUAN CARLOS JARAMILLO are content with the settlement offer of January 8, 2016. However, BIOCINI, PATRICIA, and FELIPE JARAMILLO want to proceed to trial. FELIPE and PATRICIA both contend though they voiced a preliminary satisfaction with the settlement amount, they expected to have a time to discuss settlement with their family outside of the presence of counsel and Judge Beeler before giving their final decision, especially considering the abrupt end to their participation at the January 8, 2016 settlement conference. After viewing the video footage of their brother's death on January 27, 2016 for the first time, they decided it was necessary to proceed to trial in pursuit of justice. BIOCINI contends she was pressured into agreeing to the settlement and only agreed because she believed she had to make a decision against what seemed to be the will of her family. Furthermore, BIOCINI contends the settlement did not give due consideration to her individual claim for Negligent Infliction of Emotional Distress.

## ARGUMENT

### I. STANDARD OF REVIEW

The court may entertain a motion to enter a judgment under a settlement agreement's terms if the parties to pending litigation stipulate, in writing signed outside the court, or orally before the court, for settlement of the case or any part of it. Code Civ. Proc. § 664.6. Section 664.6 provides a summary procedure by which the trial court can specifically enforce an agreement settling pending litigation without the need of a second lawsuit. *Kirby v. Southern Cal. Edison*, 78 Cal.App.4th 840, at 843 (2000). On its face, § 664.6 appears to provide a means by which parties who have settled their litigation may move by stipulation to have judgment entered according to the settlement's terms.

Judgment under a § 664.6 motion may be proper even if there are disputed facts regarding a settlement, provided the parties had earlier agreed on the agreement's material terms, or had a "meeting of the minds" so as to make the settlement binding. *See In re Marriage of Assemi*, 7 Cal.4th 896, at 905 (1994). In determining whether the parties entered into a binding settlement, the trial court should consider: (1) whether the parties explicitly defined the material terms; (2) whether the supervising judicial officer questioned the parties regarding their understanding of the terms; and (3) whether the parties expressly acknowledged their understanding of, and agreement to be bound by,

6

Plaintiffs' Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH

those terms.  *See Account Management Associates v. Sanglimsuwan*, 91 Cal.App.4th 773, at 778-781 (2001).  To make this factual determination, the court, in its discretion, may receive oral testimony or determine the motion on declarations.  *Account Management Associates*, *supra*, at 778.  Where the judge who presided over the settlement conference also presides over the § 664.6 hearing, she may rely on her own recollection as to what transpired.  *Kohn v. Jaymar Ruby, Inc*., 23 Cal.App.4th 1530, 1533 (1994).

The Court also has the authority to order specific performance of the settlement agreement or to award damages against the party in breach (or to impose sanctions for contempt).  *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, at 278 (9th Cir. 1986).  A party may, on noticed motion, be sanctioned for refusing to sign a written settlement that embodies the terms orally agreed to before the Court: "An agreement announced on the record becomes binding even if a party has a change of heart after (he or she) agreed to its terms but before the terms were reduced to writing."  *Doi v. Halekulani Corp.* 276 F3d 1131, at 1138 (9th Cir. 2002).

### A. Felipe and Patricia Jaramillo Did Not Give Final Assent the Terms of Settlement.

Litigants themselves must clearly indicate their assent, written or orally, to the material terms of a settlement agreement for it to be enforceable under § 664.6.  Individual consent is not enough.  A valid settlement agreement requires mutual consent.  "The existence of mutual consent is determined by an objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe."  *Weddington Productions, Inc. v. Flick,* 60 Cal.App.4th 793, at 811 (1998); *Bowers v. Raymond J. Lucia Cos., Inc.,* 206 Cal.App.4th 724, at 732–733 (2012).  Thus, it is clear that all parties have to either sign the settlement agreement or be in court when it is put on the record.  *Levy v. Superior Court*, 10 Cal.4th 578, at 585.

The parties here did not offer mutual assent to the settlement agreement in this matter. Though Judge Beeler recited her understanding of the material terms of the agreement on January 8, 2016, all Plaintiffs were not present to hear the recital.  Judge Beeler did not have the opportunity to question each Plaintiff regarding their specific understanding of the material terms of the settlement agreement because the Court's internet connection was lost shortly beforehand.  Though Mr. Lacy

7

Plaintiffs' Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH

mistakenly represented to the Court that all parties had agreed because he believed he heard everyone agree to settle, PATRICIA and FELIPE'S intent to congress with the other plaintiffs was literally lost in translation.  In addition, after viewing the video footage showing their brother anguishing in pain and impending death, both FELIPE and PATRICIA JARAMILLO believe it is necessary to pursue litigation further.  After learning of the misunderstanding, Mr. Lacy promptly informed both the Court and Mr. Pereda.  Accordingly, the Court should set aside the agreement of January 8, 2016.

**B.  Biocini Only Assented to the Terms of the Agreement Because of Mutual Mistake.**

Generally, an agreement to settle as a result of a mutually mistaken belief invalidates the agreement.  In this case, the mutual mistake was caused by Mr. Lacy's representation that "all" the family members in Colombia had assented to the material terms of the agreement.  The undeniable truth is, the loss of the internet connection and incomplete translation during the settlement conference lead to a misunderstanding.[3]  BIOCINI has consistently advocated for trial before the January 8, 2016 Settlement Conference and after she discovered that some in her family shared her decision to continue to trial. Without this misunderstanding, BIOCINI would have never assented to the settlement terms on January 8, 2016.

## CONCLUSION

The parties did not enter into a valid, enforceable settlement agreement on January 8, 2016 with Judge Laurel Beeler presiding over the proceeding.  There was not a mutual assent to the final terms of the settlement because all parties were not present.  In addition, BIOCINI only assented due to a mistaken belief that Based upon the foregoing, Plaintiffs respectfully request that the court issue an Order setting aside the settlement agreement.

---

[3] Attached are true and correct copies of letters from Patricia and Felipe Jaramillo regarding their intent to continue to trial.  The letters have been attached as Exhibit A to the Declaration of DeWitt M. Lacy, (hereinafter "Lacy Decl.").

8

Plaintiffs' Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH

**THE LAW OFFICES OF JOHN L. BURRIS**

**Dated:  February 24, 2016**            ___/s/ DeWitt M. Lacy_____
                                          **DeWitt M. Lacy, Esq.**
                                          **Attorney for plaintiffs**

Plaintiffs' Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH