JOHN L. BURRIS, Esq., (SBN 69888)
DeWITT M. LACY, Esq, (SBN 258789)
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiffs
ANA BIOCINI, et al.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA BIOCINI, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO; RAFAEL JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO; MARIA CLAUDIA JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, DIEGO JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, PATRICIA JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, FELIPE JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, JUAN CARLOS JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO; and THE ESTATE OF HERNAN JARAMILLO,<br><br>Plaintiffs,<br>v.<br><br>CITY OF OAKLAND, a municipal corporation; CARLOS NAVARRO, individually and in his capacity as an officer for the CITY OF OAKLAND Police | Case No.: 3:14-cv-03315-TEH<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR AN ORDER SHORTEINING TIME TO HEAR MOTION TO SET ASIDE SETTLMENT; MEMORANDUM IN SUPPORT OR APPLICATION; DECLARATION OF DEWITT M. LACY IN SUPPORT OF EX PARTE APPLICATION**<br><br>Date: March 21, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 12, 19th Floor<br><br>Thelton E. Henderson, Judge |

*Biocini, et al. v. City of Oakland*, et al., 3:14-cv-03315-TEH        1
Declaration of DeWitt M. Lacy in Support of
Plaintiffs' Administrative

| | |
|---|---|
| 1 | Department; IRA ANDERSON, individually and in his capacity as an officer for the CITY OF OAKLAND Police Department; STEVEN STOUT, individually and in his capacity as an officer for the CITY OF OAKLAND Police Department; and DOES 1-25, inclusive, individually and in their official capacity as police officers for the CITY OF OAKLAND, jointly and severally, |
| | Defendants. |

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs, ANA BIOCINI, FELIPE JARAMILLO, and PATRICIA JARAMILLO (hereinafter and collectively "Plaintiffs"), hereby move this Court pursuant to Local Rule 7-11, for an order expediting the hearing of Plaintiffs' Motion to Set Aside A Settlement Agreement (the "Motion"). Plaintiffs request that the Motion be heard on March 21, 2016; that Defendants' opposition to the Motion be filed and served no later than 5 p.m. March 9, 2016; and that Plaintiffs' reply to the opposition be filed and served no later than 5 p.m. March 16, 2016.

The Motion for which an expedited hearing is sought asks this Court to set aside an agreement to settle in the above captioned matter because of mutual mistake and for lack of assent by all Plaintiffs. As grounds for this Motion, Plaintiffs submit that the above captioned matter needs to be promptly re-calendared to prevent prejudice to the Plaintiffs interests in proceeding with litigation and to promote fair adjudication of the above captioned matter on the merits. Plaintiffs' counsel, John L. Burris and DeWitt M. Lacy were interrupted in their discussions with their clients via Skype.

Under Local Rule 7 – 2, the earliest date that this Motion would normally be heard by this Court is March 28, 2016. Unfortunately, Mr. Lacy is unavailable on that day due to previously scheduled time away from the Oakland office for personal matters. For the reasons set forth above, and the availability of counsel, Plaintiffs

*Biocini, et al. v. City of Oakland*, et al., 3:14-cv-03315-TEH    2
Declaration of DeWitt M. Lacy in Support of
Plaintiffs' Administrative

request that the hearing date on the Motion be moved forward one week to March 21, 2016, with Defendants' opposition brief due March 9 at 5 p.m., and Plaintiffs' reply brief due March 16, 2016.

In support of their application, Plaintiffs rely on this Administrative Motion, the attached Memorandum of Points and Authorities, the attached Declaration of DeWitt M. Lacy, the Motion, all other pleadings, papers, documents, and records on file with the Court and any such other and further arguments and evidence as may properly be presented to the Court.

Dated: February 24, 2016        **THE LAW OFFICES OF JOHN L. BURRIS**

                                                              ___/s/ DeWitt M. Lacy_____
                                                              DeWitt Lacy
                                                              Attorneys for Plaintiffs

*Biocini, et al. v. City of Oakland*, et al., 3:14-cv-03315-TEH                                      3
Declaration of DeWitt M. Lacy in Support of
Plaintiffs' Administrative

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs have filed before this Court a Motion to Set Aside an Agreement to Settle (hereinafter "Motion"). By this application and administrative motion, Plaintiffs respectfully request that the hearing of this Motion and related briefing, be expedited to resolve the issues in the Motion as promptly as possible and to prevent future harm and prejudice to all parties.

This request for an administrative motion to expedite the hearing and briefing schedule related to the Motion is necessary to prevent any further harm to all parties in this litigation, and to preserve judicial economy. The Court removed the previously scheduled trial from the Court's calendar in the above captioned matter due to an inaccurate reporting the matter had settled. However, the Plaintiffs have informed Mr. Lacy and Mr. Burris they did not intend to indicate an assent to the settlement offer during the Settlement Conference before Magistrate Judge Laurel Beeler.

On January 8, 2016, BIOCINI appeared with Plaintiffs' counsel, John L. Burris and DeWitt M. Lacy at the Settlement Conference. FELIPE JARAMILLO, PATRICIA JARAMILLO, RAFAEL JARAMILLO, MARIA CLAUDIA, and DIEGO JARAMILLO appeared via Skype. All Plaintiffs had the ability to hear and see each other during the Settlement Conference. Judge Beeler and Plaintiffs' counsel spoke with Plaintiffs in Judge Beeler's chambers, through the assistance of a Spanish translator from Mr. Burris's office, Johana Estrada. Neither Mr. Burris or Mr. Lacy are fluent in Spanish. Mr. Lacy explained the offer of settlement which had been made by Defendants. He also explained the specific implications of accepting the offer of settlement, including the finality of the agreement. After much discussion, PATRICIA JARAMILLO, FELIPE JARAMILLO, and MARIA CLAUDIA JARAMILLO communicated to Mr. Burris and Mr. Lacy their satisfaction with the terms of settlement, but noted they wanted to hear what their brothers in Bogota had to say about the settlement. Initially, RAFAEL JARAMILLO was very much opposed to the settlement but communicated to Mr. Burris and Mr. Lacy, that though he was displeased with the

*Biocini, et al. v. City of Oakland*, et al., 3:14-cv-03315-TEH 4
Declaration of DeWitt M. Lacy in Support of
Plaintiffs' Administrative

amount of the settlement, he would acquiesce to the will of the majority.[1] Very soon after RAFAEL JARAMILLO finished speaking, the internet connection in Judge Beeler's chambers suddenly failed, and the parties were not able to re-establish communication with RAFAEL, DIEGO, PATRICIA, FELIPE, and MARIA CLAUDIA JARAMILLO. BIOCINI also agreed to the terms of the settlement and voiced her assent.

On January 27, 2016, BIOCINI called Mr. Lacy at his office and informed him of a potential problem with the settlement. BIOCINI informed Mr. Lacy that her brother and sister, FELIPE and PATRICIA, in Colombia had not made a final decision with regards to final the settlement. FELIPE and PATRICIA JARAMILLO both contend though they voiced a preliminary satisfaction with the settlement amount, they expected to have time to discuss settlement with their family outside of the presence of counsel and Judge Beeler before giving their final decision, especially considering the abrupt end to their participation at the January 8, 2016 settlement conference. After viewing the video footage of their brother's death on January 27, 2016 for the first time, they decided it was necessary to proceed to trial in pursuit of justice. BIOCINI contends she was pressured into agreeing to the settlement and only agreed because she believed she had to make a decision against what seemed to be the will of her family. Furthermore, BIOCINI contends the settlement did not give due consideration to her individual claim for Negligent Infliction of Emotional Distress.

For all the reasons stated above, Plaintiffs respectfully request that the Motion be heard on March 21, 2016; that the Defendants opposition to the Motion be filed and served no later than 5 p.m. on March 9, 2016; and that Plaintiffs' reply to the opposition be filed and served no later than 5 p.m. March 16, 2016.

---

[1] Rafael voiced his satisfaction with the settlement and Juan Carlos appeared by proxy through Patricia Jaramillo, agreeing to make his decision consistent with the majority of the family.

*Biocini, et al. v. City of Oakland*, et al., 3:14-cv-03315-TEH
Declaration of DeWitt M. Lacy in Support of
Plaintiffs' Administrative

5

| | | |
|---|---|---|
| Dated: February 24, 2016 | | **THE LAW OFFICES OF JOHN L. BURRIS** |
| | | ___/s/_ DeWitt M. Lacy_____ |
| | | DeWitt Lacy |
| | | Attorneys for Plaintiffs |

*Biocini, et al. v. City of Oakland*, et al., 3:14-cv-03315-TEH
Declaration of DeWitt M. Lacy in Support of
Plaintiffs' Administrative

6

# DECLARATION OF DEWITT M. LACY

I, DeWitt M. Lacy, hereby declare:

1. I am one of the attorney of record for Plaintiffs. This declaration is submitted in support of Plaintiffs' Motion to Set Aside the Settlement, in the above-captioned matter.

2. After preparing for trial and answering motions, Plaintiffs returned to Judge Beeler to participate in another Settlement Conference on January 8, 2016. Again, BIOCINI appeared with Plaintiffs' counsel, John L. Burris and DeWitt M. Lacy at the Settlement Conference. FELIPE JARAMILLO, PATRICIA JARAMILLO, RAFAEL JARAMILLO, MARIA CLAUDIA, and DIEGO JARAMILLO appeared via Skype.

3. All Plaintiffs had the ability to hear and see each other during the Settlement Conference. Judge Beeler and Plaintiffs' counsel spoke with Plaintiffs in Judge Beeler's chambers, through the assistance of a Spanish translator from Mr. Burris's office, Johana Estrada. Neither Mr. Burris or Mr. Lacy are fluent in Spanish.

4. Mr. Lacy explained the offer of settlement which had been made by Defendants. He also explained the specific implications of accepting the offer of settlement, including the finality of the agreement. After much discussion, PATRICIA JARAMILLO, FELIPE JARAMILLO, and MARIA CLAUDIA JARAMILLO communicated to Mr. Burris and Mr. Lacy their satisfaction with the terms of settlement, but noted they wanted to hear what their brothers in Bogota had to say about the settlement. Initially, RAFAEL JARAMILLO was very much opposed to the settlement but communicated to Mr. Burris and Mr. Lacy, that though he was displeased with the amount of the settlement, he would acquiesce to the will of the majority.

5. Very soon after RAFAEL JARAMILLO finished speaking, the internet connection in Judge Beeler's chambers suddenly failed, and the parties were not able to re-establish communication with RAFAEL, DIEGO, PATRICIA,

*Biocini, et al. v. City of Oakland*, et al., 3:14-cv-03315-TEH    7
Declaration of DeWitt M. Lacy in Support of
Plaintiffs' Administrative

FELIPE, and MARIA CLAUDIA JARAMILLO. BIOCINI also agreed to the terms of the settlement and voiced her assent.

6. Thereafter, counsel for the defense, Plaintiffs' counsel, and BIOCINI attempted to state an oral agreement on the record in Judge Beeler's courtroom. In the courtroom, Judge Beeler described the material terms of the settlement. The terms of the settlement included a payment of $450,000.00 from the Defendants to Plaintiffs. The payment was to be made in return for the dismissal of Plaintiff's entire case with prejudice with a mutual waiver of costs. Judge Beeler then asked Mr. Lacy if he had communicated the terms of the settlement to the Plaintiffs. Mr. Lacy informed the Court that he had. Judge Beeler then asked if the Plaintiffs who were not present in the courtroom had agreed to the terms of settlement. Mr. Lacy said, "Yes." Then, Judge Beeler asked BIOCINI if she agreed to the terms of settlement. BIOCINI said "Yes." Unbeknownst to all persons present, the courtroom's microphones were not recording the oral agreement. On January 11, 2016, Judge Beeler contacted both counsel via teleconference explaining the technical error and requesting the parties make an oral record of the agreement via teleconference. Counsel for the parties agreed and Judge Beeler, Mr. David Pereda, counsel for the Defendants, and Mr. Lacy did in fact make an audio record of the agreement on January 11, 2016.

7. On January 27, 2016, BIOCINI called Mr. Lacy at his office and informed him of a potential problem with the settlement. BIOCINI informed Mr. Lacy that her brother and sister, FELIPE and PATRICIA, in Colombia had not made a final decision with regards to final the settlement. Mr. Lacy thereafter emailed all the family members individually regarding the settlement. Subsequently, Mr. Lacy has received several email communications from all the Plaintiffs in regards to the settlement.

8. RAFAEL, DIEGO, MARIA CLAUDIA, and JUAN CARLOS JARAMILLO are content with the settlement offer of January 8, 2016.

*Biocini, et al. v. City of Oakland*, et al., 3:14-cv-03315-TEH        8
Declaration of DeWitt M. Lacy in Support of
Plaintiffs' Administrative

9. BIOCINI, PATRICIA, and FELIPE JARAMILLO want to proceed to trial. FELIPE and PATRICIA both contend though they voiced a preliminary satisfaction with the settlement amount, they expected to have a time to discuss settlement with their family outside of the presence of counsel and Judge Beeler before giving their final decision, especially considering the abrupt end to their participation at the January 8, 2016 settlement conference. After viewing the video footage of their brother's death on January 27, 2016 for the first time, they decided it was necessary to proceed to trial in pursuit of justice.

10. BIOCINI contends she was pressured into agreeing to the settlement and only agreed because she believed she had to make a decision against what seemed to be the will of her family. Furthermore, BIOCINI contends the settlement did not give due consideration to her individual claim for Negligent Infliction of Emotional Distress.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my personal knowledge, except where stated on information and belief, and to those matters I am informed and believe them to be true. If called as a witness, I would competently testify to those matters stated herein

Executed February 24, 2016 at Oakland, California.

*/s/ DeWitt M. Lacy*
DeWitt M. Lacy
Attorney for Plaintiffs

*Biocini, et al. v. City of Oakland*, et al., 3:14-cv-03315-TEH       9
Declaration of DeWitt M. Lacy in Support of
Plaintiffs' Administrative