1  BARBARA J. PARKER, City Attorney – SBN 069722
   OTIS McGEE, JR., Chief Asst. City Attorney – SBN 071885
2  DAVID A. PEREDA, Supervising Deputy City Attorney – SBN 237982
   One Frank H. Ogawa Plaza, 6th Floor
3  Oakland, California  94612
   Telephone:  (510) 238-4921 (Pereda)
4  Fax:  (510) 238-6500

5  Attorneys for Defendants
   CITY OF OAKLAND, et al.
6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 ANA BIOCINI, et al.,                    Case No.  C 14-3315-TEH

12         Plaintiffs,                     **DECLARATION OF DAVID PEREDA**

13    v.

14 CITY OF OAKLAND, et al.

15         Defendants.

I, DAVID PEREDA, declare as follows:

1. I am an attorney admitted to practice law in the State of California and before this Court. I am employed as a Deputy City Attorney with the Office of the City Attorney for the City of Oakland. I am assigned to represent Officer Anderson, Officer Navarro, Officer Stout, and the City of Oakland in the above-captioned litigation. The information contained in this declaration is true of my own personal knowledge, unless stated otherwise, and if called upon to do so, I could and would competently testify thereto.

**VIDEO FOOTAGE**

2. On December 1, 2014 and on December 3, 2014, the City produced all its records—as of that time—in this case. This included all video footage from the officers' body cameras, as well as autopsy photographs that the City obtained from the Coroner's Office. The City produced the records electronically, in a searchable format. The City carefully bates stamped and indexed the records for the family as follows:

**911 Call/Radio Traffic**
- City 00033-39

**Coroner's Report/Toxicology Report**
- City 00001-32

**General Orders/Training Materials/Informational Materials**
- City 01032-1643

**Interviews/Written Statements**
- City 00040-51
- City 00068-291

**Medical Records**
- City 00292-332

1                 **PDRD**[1]

2          ➤   City 01644-1652

3                 **Photographs**

4          ➤   City 00333-891

5                 **Reports**

6          ➤   City 00052-76

7          ➤   City 00892-1031

8          ➤   City 01653-1685

9

10    3.    This production included documents that the family had not asked for in its document requests. In turning over all its files and indexing them, the City sought to ensure transparency and to help the family answer all the questions that it had as a result of its loved one's tragic death.

14    4.    At her deposition on September 8, 2015, Ana Biocini referenced the body-cam footage several times and testified that she had watched the footage. The City cites to that testimony in its brief. *Please see also* ¶ 21 of this declaration.

17    5.    On November 16, 2015, the City lodged the body-cam footage with its partial summary judgment motion. *Please see* Dkt. No. 35 (at Exhibit D).

19    6.    On November 30, 2015, the family also lodged the body-cam footage with its response to the City's summary judgment motion. *Please see* Dkt. No. 39 (at Exhibit F).

21

22                **SETTLEMENT NEGOTIATIONS**

23    7.    On January 5, 2014, this Court held a Case Management Conference. I attended for the City. In chambers, the family asked this Court to assign the Honorable Laurel Beeler specifically as the settlement judge.

---

[1] "PDRD" refers to officer body-camera footage.

8. On April 15, 2015, Judge Beeler held the first of two settlement conferences. I attended both conferences. At the first conference, I expressed the City's sincere condolences to the family. Other City representatives did also. Judge Beeler discussed the important facts, emotions, and legal issues that this case raises. Judge Beeler also identified discovery that may be helpful in assessing the case. She then tracked the parties' readiness to return for another conference.

9. Over the next several months, the family conducted important discovery. The family deposed three officers, three neighbors, and the medical examiner. The family procured medical records and hired experts to examine the evidence. The family produced reports that its retained pathologist and police-practices expert wrote. Meanwhile, the City produced the records that it acquired since its last production. This included tissue samples from Hernan Jaramillo's heart and microphotographs that the City's expert took of those samples. The City also deposed each family member.

10. On January 8, 2016, Judge Beeler held a second settlement conference. All parties appeared. After an initial group discussion, the parties took up separate spaces. The family set up in the judge's chambers. The City's group stayed in the courtroom. Judge Beeler spent a full day discussing the evidence, emotions, legal issues, and risks from all viewpoints. She also drilled down on the terms of a potential agreement. There were several offers and counters. Ultimately, the City made a final offer of $450,000 in exchange for a full dismissal with prejudice. Each side must bear its own fees and costs. The offer was subject to the City Council's approval. Judge Beeler advised me that the family accepted the offer.

11. At the end of the conference, Judge Beeler recited the terms on the record. Ana Biocini verbally confirmed to Judge Beeler that she agreed to the terms. Dewitt Lacy verbally confirmed that the remaining siblings also agreed to the terms.

12. On January 11, 2016, Judge Beeler's staff contacted the lawyers to advise them that the Court's equipment failed while the parties were putting the agreement on the record.

1  That afternoon, Judge Beeler, Mr. Lacy, and I reaffirmed the agreement on the record. We did
2  so by telephone. Judge Beeler restated the same terms. Mr. Lacy once again confirmed that
3  each sibling assented and that he was authorized to enter into the agreement. I again
4  confirmed my clients' consent.

5      13.    On January 12, 2016, this Court dismissed the case with prejudice, retaining
6  jurisdiction only if the City failed to pay within ninety days.

7

8                    **THE WEEKS FOLLOWING THE AGREEMENT**

9      14.    On January 19, 2016, the City Council passed a resolution approving the
10 settlement agreement.

11      15.    On January 20, 2016 and on January 26, 2016, the Contra Costa Times—an
12 edition of the San Jose Mercury News, Biocini's employer—ran stories on the settlement. The
13 second piece embedded links to video footage and to the family's expert's report. It also
14 claimed that the City never released the footage but that the newspaper "exclusively obtained"
15 a copy. A copy of that story is attached—*Please see* ¶ 22. Also, here is a link:
16 http://www.contracostatimes.com/breaking-news/ci_29435600/oakland-body-camera-shows-
17 man-screamed-i-cant.

18      16.    Other newsgroups picked up the story. Biocini gave statements for those
19 articles. Here are some examples: http://www.sfchronicle.com/bayarea/johnson/article/Can-
20 there-be-lesson-for-police-in-senseless-death-6799438.php; and
21 http://sanfrancisco.cbslocal.com/2016/01/27/new-video-of-man-who-died-during-oakland-
22 arrest-surfaces/.

23      17.    There is also an online petition—that Biocini purportedly wrote—claiming that
24 "the police hid the tape from the public for TWO AND A HALF YEARS—until it was
25 recently leaked to the media by an anonymous source." *Please see* ¶ 24.

26      18.    On February 26, 2016, the City delivered payment to the family. *Please see* ¶

19.

**EXHIBITS**

19.     Attached as **EXHIBIT 1** to this declaration is a true and correct copy of the payment that the City delivered to the family.

20.     Attached as **EXHIBIT 2** to this declaration is a true and correct copy of the Resolution No. 85975 authorizing the settlement.

21.     Attached as **EXHIBIT 3** to this declaration is a true and correct copy of relevant excerpts of Ana Biocini's deposition testimony in this action.

22.     Attached as **EXHIBIT 4** to this declaration is a true and correct copy of the Contra Costa Times online article on this matter from January 26, 2016 and January 20, 2016.

23.     Attached as **EXHIBIT 5** to this declaration is a true and correct copy of an online petition related to this matter.

24.     Attached as **EXHIBIT 6** to this declaration is a true and correct copy of micrographic slides of tissue samples from Hernan Jaramillo.

25.     Attached as **EXHIBIT 7** to this declaration is a true and correct copy of the Hall, C.A., et al., *Incidence and outcome of prone positioning following police use of force in a prospective, consecutive cohort of subjects.* J Forensic Leg Med, 2012. 19(2): p. 83-9.

I declare under penalty of perjury, under the laws of the State of California and the United States that the foregoing is true and correct and that if called as a witness I could competently testify thereto.

Executed on March 9, 2015, at Oakland, California.

_____

David Pereda

# EXHIBITS—DKT. NO. 54

**Pereda Declaration**

| EXHIBIT | DESCRIPTION |
| --- | --- |
| 1 | The City's Payment to the Family (February 26, 2016) |
| 2 | Resolution No. 85975 |
| 3 | Ana Biocini's Deposition Testimony |
| 4 | Contra Costa Times Articles (January 26, 2016 and January 20, 2016) |
| 5 | Ana Biocini, for Courage Campaign Institute Petition |
| 6 | Micrographic Slides of Tissue Samples |
| 7 | Hall, C.A., et al., *Incidence and outcome of prone positioning following police use of force in a prospective, consecutive cohort of subjects.* J Forensic Leg Med, 2012. 19(2): p. 83-9. |

# EXHIBITS—DKT. NOs. 35 & 41

**Oliver Declaration**

| EXHIBIT | DESCRIPTION |
| --- | --- |
| A | CAD Purge |
| B | Disc Containing 911 Call Recording (City00033) and Time-Stamped Patrol 1 Radio Recording (City00034) |

**Navarro and Buller Declarations**

| EXHIBIT | DESCRIPTION |
| --- | --- |
| D | External Hard Drive Containing PDRD Footage (City1647, City1648, City1649, City1650, and City1651) and Media Player ("Vlc") |

**Pereda Declaration**

| EXHIBIT | DESCRIPTION |
|---|---|
| C | Transcript of 911 Call |
| E | Officer Navarro's Deposition Testimony |
| F | Officer Anderson's Deposition Testimony |
| G | Officer Stout's Deposition Testimony |
| H | Ana Biocini's Deposition Testimony |
| I | Transcript of Officer Navarro's PDRD Footage I (City1650) |
| J | Dr. Thomas Wayne Rogers's Deposition Testimony |
| K | Complaint |
| L | Proposed Amended Complaint |
| M | Ana Biocini's Answers To Interrogatories |
| N | Ana Biocini's Responses To Document Requests |
| O | Paramedics Plus Report |
| P | Maria Medina's Deposition Testimony |
| Q | Photographs Of Ana Biocini's Residence |
| R | Meet And Confer Correspondence |
| S | City's Responses to Document Requests |