JOHN L. BURRIS, Esq. SBN 69888
DeWITT M. LACY, Esq. SBN 258789
**THE LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
dewitt.lacy@johnburrislaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA BIOCINI, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO; RAFAEL JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO; MARIA CLAUDIA JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, DIEGO JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, PATRICIA JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, FELIPE JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO, JUAN CARLOS JARAMILLO, individually and as joint successor-in-interest to Decedent HERNAN JARAMILLO; and THE ESTATE OF HERNAN JARAMILLO, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF OAKLAND, a municipal corporation; CARLOS NAVARRO, individually and in his capacity as an officer for the CITY OF OAKLAND Police Department; IRA | Case No.: 3:14-cv-03315-TEH <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO SET ASIDE A SETTLEMENT AGREEMENT** <br><br> Date: April 4, 2016 <br> Time: 10:00 a.m. <br> Location: 12, 19th Floor <br> Judge: Hon. Thelton E. Henderson |

1

Plaintiffs' Reply in Support of Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH

ANDERSON, individually and in his capacity as an officer for the CITY OF OAKLAND Police Department; STEVEN STOUT, individually and in his capacity as an officer for the CITY OF OAKLAND Police Department; and DOES 1-25, inclusive, individually and in their official capacity as police officers for the CITY OF OAKLAND, jointly and severally,

Defendants.

## SUMMARY OF ARGUMENT

This matter arises from the unlawful arrest and detention of Hernan Jaramillo ("decedent"), and the wholly unjustified use of excessive force against decedent, resulting in his untimely death on July 8, 2014 at the hands of Defendant Oakland Police Department Officers, Ira Anderson, Steven Stout, and Carlos Navarro (hereinafter and collectively "Defendants"). Plaintiffs, Ana Biocini, Patricia Jaramillo, Felipe Jaramillo, Diego Jaramillo, Rafael Jaramillo, and Maria-Claudia Jaramillo (Decdent's closest surviving relatives) filed this wrongful death action against Defendants on July 22, 2014.

The parties participated in multiple Settlement Conferences with Magistrate Judge Laurel Beeler on April 15, 2015 and January 8, 2016, respectively. After the January 8, 2016 Settlement Conference, the parties attempted to enter a settlement agreement, by and through their respective counsel. Subsequently, Plaintiffs ANA BIOCINI, FELIPE JARAMILLO, and PATRICIA JARAMILLO informed their counsel, John L. Burris and DeWitt M. Lacy, that they had not assented to the material terms of the January 8, 2016 Settlement Conference. Plaintiffs consequently filed the instant motion requesting the Court set aside the settlement agreement pursuant to *California Civil Code* § 664.6, and on the grounds that setting aside the settlement is necessary because there was not a complete assent to the material terms of the agreement by all Plaintiffs and setting aside the settlement will not prejudice the defendants.

Defendants arguments are primarily arguments regarding their opposition to a Rule 60 motion, and, for the most part, do not address the substance of Plaintiffs' Motion to Set Aside the Agreement to Settle based on *California Civil Code* § 664.6. Specifically, Defendants argue this Court has no jurisdiction because of its

2

Plaintiffs' Reply in Support of Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH

Order of Dismissal signed by the Court on January 12, 2016. Defendants also argue any Rule 60 motion must necessarily fail because there is no fraud, injustice, and that the Plaintiffs exhibited a "mature reflection and deliberate assent" to the material terms of the settlement agreement.

Accordingly, Plaintiffs' Motion to Set Aside the Agreement to Settle should be granted because justice so requires. Defendants have not identified any harm or undue prejudice which would unfairly burden Defendants' ability to defend themselves in this action. Fact discovery has been closed in this action and the only conducting expert depositions remains as a necessary part of preparation before trial. In addition, setting aside the settlement is the only way to ensure all plaintiffs are given their opportunity to fully litigate their claims against the Defendants.

## ARGUMENT

### A. THIS COURT RETAINS JURISDICTION BECAUSE THERE WAS NO MUTUAL ASSENT

Plaintiff filed their Motion to Set Aside the Settlement on February 24, 2016 before Defendants mailed payment of the settlement proceeds to the Law Office of John L. Burris on February 26, 2016. No written settlement agreement had been produced or signed by the parties at that time. Judge Beeler never specifically questioned all Plaintiffs in this action about their understanding of the material terms of the final settlement. More importantly, there was a mutual mistake that all parties relied upon in entering the January 8, 2016 settlement agreement. Namely, Plaintiff's counsel, the Defendants, and Judge Beeler believed that all Plaintiffs had assented to the terms of settlement. However, clearly, Patricia and Felipe Jaramillo did not intend to assent to settlement on January 8, 2016. Accordingly, all the subsequent actions that came as a result of the mistaken belief that all parties agreed to the settlement are invalid, including this Court's Order dismissing the action with prejudice.

There were undeniably questionable circumstances that led to this mistaken belief. Through no fault of the Plaintiffs, communication with all parties was suddenly and unexpectedly halted. At that time, Plaintiffs' counsel was unable to reestablish communication with the Plaintiffs. However, based on what the Plaintiffs had told Mr. Lacy and Mr. Burris, Mr. Lacy represented to Judge Beeler a mistaken belief of mutual assent. Plaintiff's counsel contacted both Defendants and Judge Beeler

3

Plaintiffs' Reply in Support of Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH

as soon as they understood there may be a problem with the settlement. Similarly, Ana Biocini, communicated her desire to set aside the January 8, 2016 settlement as soon as she realized her siblings had not all consented.[1] Accordingly, Plaintiffs' motion should be granted and the January 8, 2016 Settlement should be set aside.

Dated: March 16, 2016                                **THE LAW OFFICES OF JOHN L. BURRIS**

                                                     ___/s/_DeWitt M. Lacy_____
                                                     DeWitt Lacy
                                                     Attorneys for Plaintiff

---

[1] A true and accurate copy of Ms. Biocini's Letter to her counsel and Judge Beeler is attached to the Declaration of DeWitt M. Lacy as Exhibit 1.

4

Plaintiffs' Reply in Support of Motion to Set Aside a Settlement
Biocini, et al. v. City of Oakland, et al.
Case No: 3:14-cv-03315-TEH