UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANA BIOCINI, et al.,

    Plaintiffs,

v.

CITY OF OAKLAND, et al.,

    Defendants.

Case No. 14-cv-03315-TEH

**ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE THE SETTLEMENT AGREEMENT**

This matter came before the Court on April 4, 2016 for a hearing on Plaintiffs' Motion to Set Aside the Settlement Agreement. Dkt. No. 49. Defendants timely opposed the motion. Dkt. No. 54. After carefully considering the parties' written and oral arguments, the Court hereby DENIES Plaintiffs' motion, for the reasons set forth below.

**BACKGROUND**

On July 22, 2014, Plaintiffs – family members of decedent Hernan Jaramillo – brought suit against the City of Oakland, and later, three City of Oakland Police Officers. Dkt. Nos. 1, 44. Plaintiffs brought fourteen causes of action, all stemming from Mr. Jaramillo's death while in Oakland Police custody. *Id.*

The parties participated in two settlement conferences with Magistrate Judge Laurel Beeler, on April 15, 2015 and January 8, 2016. Dkt. Nos. 27, 46-47. After the January 8, 2016 settlement conference, the parties entered into a settlement agreement. Pls.' Mot. to Set Aside a Settlement Agreement at 4-5 (Dkt. No. 49). Plaintiffs described the circumstances of this agreement as follows:

> [Plaintiff Ana] Biocini appeared with Plaintiffs' counsel, John L. Burris and DeWitt M. Lacy at the Settlement Conference. [Plaintiffs] Felipe Jaramillo, Patricia Jaramillo, Rafael Jaramillo, Maria Claudia, and Diego Jaramillo appeared via Skype. All Plaintiffs had the ability to hear and see each other during the Settlement Conference. . . . Mr. Lacy explained the

offer of settlement which had been made by Defendants. He also explained the specific implications of accepting the offer of settlement, including the finality of the agreement. After much discussion, Patricia Jaramillo, Felipe Jaramillo, and Maria Claudia Jaramillo communicated to Mr. Burris and Mr. Lacy their satisfaction with the terms of settlement, but noted they wanted to hear what their brothers in Bogota had to say about the settlement. Initially, Rafael Jaramillo was very much opposed to the settlement but communicated to Mr. Burris and Mr. Lacy, that though he was displeased with the amount of the settlement, he would acquiesce to the will of the majority. Thereafter, counsel for the defense, Plaintiffs' counsel, and [Ms.] Biocini attempted to state an oral agreement on the record in Judge Beeler's courtroom. In the courtroom, Judge Beeler described the material terms of the settlement. . . . Judge Beeler then asked Mr. Lacy if he had communicated the terms of the settlement to the Plaintiffs. Mr. Lacy informed the Court that he had. Judge Beeler then asked if the Plaintiffs who were not present in the courtroom had agreed to the terms of settlement. Mr. Lacy said, "Yes." Then, Judge Beeler asked [Ms.] Biocini if she agreed to the terms of settlement. [Ms.] Biocini said "Yes."

*Id.*

Several weeks later, Plaintiffs Ana Biocini, Felipe Jaramillo, and Patricia Jaramillo informed their counsel that they had not actually intended to make a final decision with regard to the settlement on January 8, 2016. *Id.* at 5. These three Plaintiffs now move to set aside the settlement agreement pursuant to California Code of Civil Procedure § 664.6 ("Section 664.6"). *Id.* at 6. The remaining four Plaintiffs – including Rafael and Diego Jaramillo (the brothers in Bogota) – are content with the settlement as it stands. *Id.*

**DISCUSSION**

The Court sympathizes with Mr. Jaramillo's family members, and in particular with his sister Ana Biocini, who was present to witness Mr. Jaramillo's tragic death. The Court also respects Ms. Biocini's desire that her brother's voice be heard, which she expressed at the April 4, 2016 hearing on this motion.

But as a matter of procedure, Plaintiffs' motion lacks merit. Though Plaintiffs move to "set aside" the settlement pursuant to Section 664.6, the proper mechanism for such relief is Federal Rule of Civil Procedure ("Rule") 60(b). That Rule provides several

2

grounds for relief from a final judgment, including "mistake, inadvertence, surprise, or excusable neglect," "fraud . . . , misrepresentation, or misconduct by an opposing party," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). However, though "district courts have the power to vacate a judgment whenever appropriate to accomplish a just end, the courts generally require a showing of extraordinary circumstances." *Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors,* 786 F.2d 1400, 1410 (9th Cir. 1986). And more importantly, Mr. Lacy conceded at the April 4, 2016 hearing that the circumstances of this settlement agreement – reached with the assistance of Judge Beeler and entered onto the record in her courtroom after she stated the material terms and confirmed that all Plaintiffs assented to those terms – do not warrant relief under Rule 60.

Plaintiffs fare no better under Section 664.6. That Section provides that "[i]f requested by the parties, the court may retain jurisdiction over the parties to *enforce* the settlement until performance in full of the terms of the settlement." Cal. Code Civ. P. § 664.6 (emphasis added). Federal courts have likewise stated that a district court may only *enforce* a settlement if that court expressly retained jurisdiction over the settlement agreement. *E.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377-78 (1994). But neither party here has moved to *enforce* the January 8, 2016 settlement agreement, and more importantly, the Court did not retain jurisdiction over said agreement when it dismissed this case following the settlement. Dkt. No. 48; *see Hill v. Kaiser Found. Health Plan*, No. 3:10-cv-02833-LB, 2015 WL 5138561, at *6 (N.D. Cal. Sept. 1, 2015) ("Parties who wish to retain the court's jurisdiction to enforce their settlement agreement must either (1) have the court retain jurisdiction expressly or (2) incorporate the terms of the settlement agreement in the order of dismissal."). As such, even if this issue had presented as a motion to *enforce* the settlement agreement, the Court would lack jurisdiction and the moving party would need to seek relief in a court with subject-matter jurisdiction. *See id.*, at *5 ("Thus, if the original action has been dismissed, and the court has not retained jurisdiction to enforce the settlement agreement, a party seeking to enforce the terms of the settlement agreement must file a new action in a court that has subject-

3

matter jurisdiction.").

As the standard for Rule 60 is not met and the Court otherwise lacks jurisdiction to enforce the settlement agreement in this case, there is simply no basis for the Court to award Plaintiffs the relief they seek.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' motion to set aside the settlement agreement.

**IT IS SO ORDERED.**

Dated: 04/19/16

THELTON E. HENDERSON
United States District Judge